UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

LOA FRUEAN et al.,

                Plaintiff,

v.

UNITED STATES POSTAL SERVICE,

                Defendants.

Case No. 3:23-cv-5079-DGE

REPORT AND RECOMMENDATION

NOTED FOR: APRIL 7, 2023

This matter comes before the Court on plaintiffs' application to proceed *in forma pauperis* (IFP) and proposed complaint. Dkt. 1, 4, 5. This matter has been referred for review of the IFP application to the undersigned Magistrate Judge. *Mathews, Sec'y of H.E.W. v. Weber*, 423 U.S. 261 (1976); 28 U.S.C. § 636(b)(1)(B); Local Rule MJR 4(a)(4).

Plaintiffs, proceeding *pro se*, bring this action against defendant, the United States Postal Service ("USPS"), alleging defendant was negligent in returning a box to sender. Dkt. 1-1 at 5. As discussed further below, plaintiffs have failed to state a claim upon which relief may be granted and the deficiencies cannot be cured by amendment. Accordingly, the Court recommends that plaintiffs' *in forma pauperis* action be denied, their complaint be dismissed without prejudice, and the case be closed.

FACTUAL BACKGROUND

Plaintiffs bring this action against USPS for alleged negligence. Dkt 1-1 at 5. Plaintiffs are seeking $335.00 because a box was returned to sender. *Id*.

REPORT AND RECOMMENDATION - 1

## DISCUSSION

The district court may permit indigent litigants to proceed *in forma pauperis* upon completion of a proper affidavit of indigency. 28 U.S.C. § 1915(a). However, the Court has broad discretion in denying an application to proceed *in forma pauperis*. *Weller v. Dickson*, 314 F.2d 598 (9th Cir. 1963).

A federal court may dismiss *sua sponte* pursuant to Fed. R. Civ. P. 12(b)(6) when the plaintiff has not stated a claim upon which relief may be granted. *See Omar v. Sea Land Serv.*, Inc., 813 F.2d 986, 991 (9th Cir. 1987) ("A trial court may dismiss a claim sua sponte under Fed. R. Civ. P. 12(b)(6) … Such a dismissal may be made without notice where the claimant cannot possibly win relief."). *See also Mallard v. United States Dist. Court*, 490 U.S. 296, 307 (1989) (there is little doubt a federal court would have the power to dismiss frivolous complaint *sua sponte*, even in absence of an express statutory provision). A complaint is frivolous when it has no arguable basis in law or fact. *Franklin v. Murphy*, 745 F.2d 1221, 1228 (9th Cir. 1984).

A. Subject matter jurisdiction

The only claim raised is a negligence allegation about the failure of the USPS to properly deliver a package. Dkt. 1-1.

Plaintiffs' allegations may be construed as a claim for the tort of negligence, filed against the United States under the Federal Tort Claims Act (FCTA). *See* 28 U.S.C. § 2674 (partially waiving sovereign immunity such that the United States may be "in the same manner and to the same extent as a private individual under like circumstances").

However, Section 2680 of the FTCA specifically retains the United States' sovereign immunity in certain exceptions; if a plaintiff's tort claim falls within § 2680's

exceptions, the Court lacks subject matter jurisdiction. *Snyder & Assocs. Acquisitions LLC v. United States*, 859 F.3d 1152, 1157, *amended on reh'g*, 868 F.3d 1048 (9th Cir. 2017).

One of the exceptions bars "any claim arising out of the loss, miscarriage, or negligent transmission of letters or postal matters." 28 U.S.C. § 2680(b) (exceptions to the FTCA); *see also Tomko v. United States,* No. RDB-18-1029, 2018 WL 6413299 (D. Md. December 4, 2018) (dismissing a plaintiff's FTCA against the United States based on the failure to timely deliver a package).

Here plaintiffs claim that a box was negligently returned to sender by the USPS. Dkt 1-1. Accordingly, plaintiffs' claim is barred by sovereign immunity. *See Gomabon v. United States Postal Serv.*, CV 17-00417 LEK-RLP, 2018 WL 1613770, at *3 (D. Haw. Mar. 30, 2018) ("it is absolutely clear [Plaintiff] cannot amend the Complaint to cure the fact that the USPS has not waived its sovereign immunity from claims like the claim Plaintiff alleges in the Complaint").

## CONCLUSION

Therefore, the undersigned recommends that the Court deny plaintiffs' *in forma pauperis* application and dismiss the proposed complaint without leave to amend, *sua sponte*.

The parties have **fourteen (14) days** from service of this Report and Recommendation to file written objections thereto. 28 U.S.C. § 636(b)(1); Federal Rule of Civil Procedure (FRCP) 72(b); *see also* FRCP 6. Failure to file objections will result in a waiver of those objections for purposes of appeal. *Thomas v. Arn*, 474 U.S. 140

NOTED FOR: APRIL 7, 2023 - 3

(1985). Accommodating the time limit imposed by Fed. R. Civ. P. 72(b), the Clerk is directed to set this matter for consideration on **April 7, 2023**, as noted in the caption

Dated this 20th day of March, 2023.

*Theresa L. Fricke*
Theresa L. Fricke
United States Magistrate Judge